### No. 404
### RICHARDS v. COX

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2679.   Decided Jan. 11, 1926

**297. CONTRACTS—Expressions of intention unsupported by consideration in pending real estate deal, not part of later written contract closing said deal.**

BUCHWALTER, P. J.

This action arose out of a contract for the purchase and sale of a house and lot of which Elsa Cox was the vendee and Warren Richards the vendor.

It appears from the evidence that some time before the contract was executed, Cox had written a letter to Richards expressing an intention to remove a certain barn on the premises in question if the deal were consummated.

On Aug. 17, 1922 the two parties to this action entered into a formal written agreement for the transfer of said premises, certain definite terms, conditions, stipulations and considerations being set forth in said agreement.

Although the contract is very definite as to its terms, no mention is made of the barn on said premises, and it further appears from the evidence introduced on the trial of the case that purchaser demurred to any attempt on the part of the vendor to make mention of the barn in said agreement.

After the purchaser had entered upon the premises Cox refused to remove said barn so the vendor brought action in injunction to

force her to do so. The Hamilton Common Pleas denied this mandatory injunction. On Appeal the Court of Appeals held:

1. The alleged promise, made in the letter introduced in evidence was a mere expression of intention, having no binding effect, it being entirely unsupported by consideration.

2. Said letter was no part of the contract of purchase nor was it incorporated in said contract.

3. Evidence clearly shows that the purchaser, when the contract was under consideration, refused to permit therein any reference to the barn sought to be ordered removed.

4. Had it been the intention of the parties that the removal of the barn be one of the considerations for the contract, vendor could have protected himself by the terms of the contract or some stipulation in the deed.

Injunction denied and petition dismissed.

Attorneys—Frank H. Kunkel for Richards; Spencer Jones & Rutherford H. Cox for Cox; all of Cincinnati.